IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                              ORDER

        Plaintiff,

                                                    08-cv-148-bbc
                                                    06-cr-157-bbc

    v.

JERRY LEE WARD,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Jerry Lee Ward filed a motion for postconviction relief pursuant to 28

U. S. C. § 2255 on March 17, 2008, along with a motion for a sixty-day extension of time

in which to file a brief and affidavit in support of his motion.  Technically, his filing was

within the period of limitations:  the judgment of conviction and sentence was entered in his

case on March 14, 2007; his appeal started running on March 28, 2007, when he failed to

appeal within 10 days of his sentencing.  However, defendant's motion is no more than a

placeholder without a supporting brief to flesh out his vague claims.  For example, he writes

that he wants to raise the issue of "ineffective assistance of trial counsel-failure to timely file

a notice of appeal," but he includes no information to support this claim.  He does not say

1

that he asked his counsel to appeal and if so, where and when the conversation took place. These facts would be important in deciding whether to order a response to his motion or deny it outright. He says nothing to explain why he would have wanted to appeal when he had been given a sentence 44 months below the bottom of the guidelines. Besides ineffectiveness of counsel, defendant lists "prosecutorial misconduct," again without giving even a hint of what that misconduct is alleged to have been.

Nevertheless, I will allow defendant thirty days in which to file a brief and affidavit in support of his motion. This is less than he has asked for but he says in his motion for an extension that he has access to the library four hours a day. He has already had a year in which to think about his motion. If in fact he has any real bases for challenging his conviction, he should be able to file a supporting brief within thirty days. He does not need legal cases; he needs facts and he should have those in his possession. He knows what happened and did not happen during the proceedings against him. If he is simply engaged in a fishing expedition, hoping to find some constitutional error that may have occurred in

2

the course of his prosecution, his filing is questionable.  Thirty days will be enough for him
to answer that question.

Entered this 24th day of March, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4